IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

　　　　Plaintiff,

　　vs.

MARIA ASUNCION GONZALEZ, and
SALMA JARID PERAZA PULIDO,

　　　　Defendants.

8:25CR115

ORDER

This matter is before the Court on the Motions to Sever (Filing No. 59; Filing No. 69) filed by Defendants, Maria Asuncion Gonzalez ("Gonzalez") and Salma J. Peraza-Pulido ("Peraza-Pulido"), respectively. Both defendants request the Court sever their trials from the trial of the other co-defendants pursuant to Rule 14 of the Federal Rules of Criminal Procedure. Gonzalez and Peraza-Pulido both filed briefs in support of their motion (Filing No. 60; Filing No. 70). The Government filed briefs in opposition to both motions (Filing No. 66; Filing No. 77). For the following reasons, the Court will deny both motions.

**BACKGROUND**

According to the parties' briefs,[1] the charges in this case arise out of law enforcement's investigation into the Monzon-Rivas Drug Trafficking Organization (SINALOA CARTEL) operating in the Omaha area. (Filing No. 66 at p. 2; Filing No. 77 at p. 2). On February 20, 2025, law enforcement conducted a controlled buy of methamphetamine after contacting a Mexican source of supply ("SOS") identified as "Mike Guzman" via WhatsApp. (Filing No. 60 at p. 3). Investigators know "Mike Guzman" also goes by the alias "Burberry Britt." (Filing No. 66 at p. 1). Allegedly, Gonzalez and Juan Carlos Cardena Portugal ("Portugal") delivered the methamphetamine obtained from the SOS, and on March 11, 2025, law enforcement recovered methamphetamine during a search of their shared residence. (Filing No. 60 at p. 2; Filing No. 66 at p. 1). After their arrests, Gonzalez and Portugal allegedly made incriminating statements,

---

[1] The Court did not hold an evidentiary hearing on these motions, and the parties did not otherwise file any evidence in connection with these motions; thus, the Court only sets forth the facts as stated in the parties' briefs (Filing No. 60; Filing No. 66; Filing No. 70; Filing No. 77) and the Indictment (Filing No. 1) for purposes of ruling on these motions.

admitting to knowingly possessing large quantities of methamphetamine and cash, and drug paraphernalia. (Filing No. 70 at p. 4).

On February 21, 2025, law enforcement conducted a controlled buy of methamphetamine involving Defendant Christian Paolo Medrano Garay ("Garay") and a confidential informant. On that date, law enforcement observed Garay meeting with a confidential informant in a casino parking lot in Council Bluffs, Iowa, to obtain methamphetamine. The confidential informant had been following instructions of an SOS in Mexico identified "Oscar Tirado" via WhatsApp. Defendant Minerva Garcia Orona ("Orona") then met Garay in the parking lot and left in a shared vehicle. Law enforcement conducted a traffic stop of Orona's vehicle and recovered methamphetamine during a search of Orona's vehicle. Following her arrest, Orona allegedly admitted to law enforcement that she knew she had methamphetamine in her vehicle and that she was aware of the individuals she was distributing the methamphetamine on behalf of. (Filing No. 60 at p. 2; Filing No. 66 at pp. 1-2).

On March 21, 2025, law enforcement conducted another controlled buy utilizing a confidential informant, who was following the instructions via WhatsApp of the "Burberry Britt" SOS utilizing a different phone number than the number used during the February 20, 2025, controlled buy. Garay and Peraza-Pulido were involved in this controlled buy of methamphetamine and were arrested on April 17, 2025. Garay and Peraza-Pulido both gave statements after their arrests and allegedly admitted to drug trafficking. (Filing No. 60 at p. 2; Filing No. 66 at p. 2; Filing No. 70 at p. 1-2; Filing No. 77 at p. 2).

The Government asserts that both "Burberry Britt" and "Mike Guzman" known to investigators as aliases of the same person. (Filing No. 66 at p. 1; Filing No. 77 at p. 1). Additionally, Britt/Guzman and Oscar Tirado work for the Monzon-Rivas Drug Trafficking Organization ("DTO") and have been the subject of law enforcement investigation since early 2023. The Government states that customers call Britt or Tirado via various messaging applications and Britt and Tirado then send a local courier with methamphetamine to meet the customer and complete the transaction. (Filing no. 66 at p. 2; Filing No. 77 at p. 2).

On May 19, 2025, Gonzalez, Peraza-Pulido, Garay, Orona, and Portugal were all named in a five Count Indictment. (Filing No. 1). Count I charges all five co-defendants with conspiracy to distribute methamphetamine between September 1, 2024, and April 17, 2025, in violation of 21 U.S.C. § 846. (Filing No. 1 at p. 1). Count II charges Gonzalez and Portugal with knowingly and

intentionally distributing more than 50 grams of methamphetamine on February 20, 2025.  Count III charges Orona with knowingly and intentionally possessing more than 50 grams of methamphetamine with the intent to distribute on February 21, 2025.  (Filing No. 1 at p. 2).  Count IV charges Garay and Peraza-Pulido with knowingly and intentionally distributing more than 50 grams of methamphetamine on March 21, 2025.  (Filing No. 1 at pp. 2-3).  Count V charges Orona with an immigration charge not related to the pending motions.  (Filing No. 1 at p. 3).

Gonzalez has now moved to sever her trial from the trials of her co-defendants, claiming that she and the alleged co-conspirators are not properly joined under Rule 8(b) of the Federal Rules of Criminal Procedure.  Specifically, Gonzalez argues that the allegations supporting Count I regarding Garay, Peraza-Pulido, and Orona involve separate and unrelated acts from those of Gonzalez and Portugal.  (Filing No. 59 ¶ 5).  Gonzalez further argues that there is no evidence that Count II was of the same or similar character as to the conspiracy conduct of Garay, Peraza-Pulido, and Orona.  *Id.* ¶ 6.  Even if the defendants were properly joined, Gonzalez contends that the admissions made by Garay and Orona would unduly prejudice Gonzalez's right to a fair trial, requiring severance under Federal Rule of Criminal Procedure 14.  *Id.* ¶ 7.

Peraza-Pulido has also filed a motion to sever, arguing she will suffer prejudice caused by spillover effects of evidence admissible against the other co-defendants that would otherwise not be admissible against her.  (Filing No. 69 ¶ 3).  Peraza-Pulido further argues severance is required due to the overlapping nature of the evidence against Garay, which will impair the jury's ability to compartmentalize the evidence.  *Id.*

## ANALYSIS

### I.    The Defendants are Properly Joined.

Rule 8(a) of the Federal Rules of Criminal Procedure permits the government to charge multiple counts if "the offenses are the same or similar character, based on the same act or transaction, or are parts of a common scheme or plan."  *United States v. Steele,* 550 F.3d 693, 702 (8th Cir. 2008).  Rule 8(b) of the Federal Rules of Criminal Procedure states that defendants "may be charged together 'if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses.'"  *Zafiro v. United States,* 506 U.S. 534, 535 (1993) (quoting Fed. R. Crim. P. 8(b)).  Rule 8 is "broadly construed in favor of joinder to promote judicial efficiency."  *United States v. McCarther*, 596 F.3d 438, 441-42 (8th

Cir. 2010). "Rarely, if ever, will it be improper for co-conspirators to be tried together . . . ." *United States v. Drew*, 894 F.2d 965, 968 (8th Cir. 1990); *see also Zafiro*, 506 U.S. at 537 (quoting *Richardson v. Marsh*, 481 U.S. 200, 209 (1987)) ("There is a preference in the federal system for joint trials who are indicted together. Joint trials 'play a vital role in the criminal justice system.'").

Gonzalez asserts she and the alleged co-conspirator defendants are not properly joined under Rule 8(b).[2] (Filing No. 60 at p. 2). Gonzalez argues that the SOS contacts from Mexico are all three different names and use different WhatsApp numbers, and thus she was not involved in the same transactions or series of transactions as Garay, Pulido, or Orona. (Filing No. 60 at p. 3). This argument ignores the fact that all three SOS names are known to investigators as being connected to the Monzon-Rivas DTO and are thus all part of a common scheme or conspiracy. Since both moving defendants were allegedly distributing methamphetamine in connection with the Monzon-Rivas DTO, both moving defendants were participating in the same series of acts or transactions as the other co-defendants who were allegedly possessing methamphetamine connected to the Monzon-Rivas DTO. All five co-defendants, including the moving defendants, are charged as co-conspirators in a conspiracy to distribute methamphetamine connected to the Monzon-Rivas DTO. See *Drew*, 894 F.2d 965, 968 ("Rarely, if ever, will it be improper for co-conspirators to be tried together"). Further, Gonzalez was allegedly distributing methamphetamine for the same person that Garay and Peraza-Pulido were allegedly distributing methamphetamine for. Thus, joinder of the defendants pursuant to Rule 8(b) is proper.

## II. The Defendants Have Not Demonstrated Prejudice Warranting Separate Trials.

Once joinder is determined to be proper under Rule 8, Rule 14 of the Federal Rules of Criminal Procedure allows for the court to sever defendants' trials if the joinder "appears to prejudice a defendant or the government . . . ." Fed. R. Crim. P. 14. "When defendants are properly joined, 'there is a strong presumption for their joint trial, as it 'gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome.'" *United States v. Lewis*, 557 F.3d 601, 609 (8th Cir. 2009) (quoting *United States v. Flores*, 362 F.3d 1030, 1039 (2004)). "[T]o warrant severance a defendant must show 'real prejudice,' that is, 'something more than the mere fact that he would have had a better chance for acquittal had he been tried separately." *United States v. Mickelson*, 378 F.3d 810, 817-18 (8th Cir. 2004) (quoting *United States v. Oakie*,

_____

[2] Peraza-Pulido does not dispute the defendants were properly joined under Rule 8. (Filing No. 69 ¶ 2).

12 F.3d 1436, 1441 (8th Cir. 1993)).  To show real prejudice, a defendant must establish that "(a) his defense is irreconcilable with that of his co-defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants."  *United States v. Davis*, 534 F.3d 903, 916-17 (8th Cir. 2008) (citations omitted).  "Generally, the risk that a joint trial will prejudice one or more of the defendants 'is best cured by careful and thorough jury instructions.'"  *Id.* (quoting *Mickelson*, 378 F.3d 817-18)).

Both Gonzalez and Peraza-Pulido maintain that they will be prejudiced by a joint trial with the other co-defendants, arguing that the jury will not be able to compartmentalize the evidence, even with limiting instructions. Neither Gonzalez nor Peraza-Pulido have shown that their defense is irreconcilable with that of their co-defendants.  Instead, Gonzalez argues that should Garay and Orona's admissions after their arrest be admitted at trial, it would be difficult for the jury to compartmentalize her unequal involvement.  Similarly, Peraza-Pulido maintains that since most of the evidence revolves around Garay, it would be difficult for the jury to separate the evidence against Garay from evidence against Defendant Peraza-Pulido.  The Eighth Circuit has held that a properly joined co-defendant was "not entitled to severance simply because the evidence against him was less damaging than was the evidence against [his co-defendant]."  *United States v. Lewis*, 557 F.3d 601,610-11 (8th Cir. 2009).  In *Lewis*, the Eighth Circuit rejected the argument that the jury was unable to compartmentalize the evidence because there was more evidence of one defendant's guilt when compared to the co-defendant.  See *id.*; see also *United States v. Hively*, 437 F.3d 752, 765 (8th Cir. 2006) (citing *United States v. Pecina*, 956 F.2d 186, 188 (8th Cir. 1992)) ("Severance is never warranted simply because the evidence against one defendant is more damaging than that against another, even if the likelihood of the latter's acquittal is thereby decreased.").

Here, Gonzalez and Peraza-Pulido have failed to meet their heavy burden to show a joint trial would be prejudicial.  Both defendants merely state that the jury will be unable to compartmentalize the evidence.  Even assuming that there is more evidence against the other co-defendants, "[d]isparity in the weight of the evidence as between the two parties does not entitle one to severance."  *United States v. Pecina*, 956 F.2d 186, 188 (8th Cir. 1992).  Appropriate limiting instructions will be adequate to cure the risk of prejudice.  *See Zafiro*, 506 U.S. at 529 ("When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but . . . less drastic measures, such as limiting instructions, often will suffice to cure

any risk of prejudice.").  Further, all of those named in the Indictment have been charged under the same conspiracy.  "It is the general rule that persons charged in a conspiracy should be tried together, particularly where proof of the charges against the defendants is based upon the same evidence and acts."  *United States v. Faul*, 748 F.2d 1204, 1217 (8th Cir. 1984) (quoting *United States v. Jackson*, 549 F.2d 517, 523 (8th Cir. 1977)).  There is nothing particularly complex or unusual about this case involving five defendants charged with a total of five crimes to suggest a jury will not be able to compartmentalize the evidence with appropriate limiting instructions.  *See Lewis*, 557 F.3d at 610 (emphasizing that the court will consider the complexity of the case and whether the jury instructions and admonitions can cure any potential prejudice).  This is not the "unusual case" where the general efficiency of joinder is outweighed by such potential prejudice.  *See United States v. Martin*, 777 F.3d 984, 995 (8th Cir. 2015) ("Only in an unusual case will any prejudice resulting from the ability of a jury to separate evidence be 'substantial enough to outweigh the general efficiency of joinder.").  Under these circumstances, Gonzalez and Peraza-Pulido have not met their burden to show compelling or severe prejudice from a joint trial.  Upon consideration,

**IT IS ORDERED:**

1. Defendant Gonzalez's Motion to Sever (Filing No. 59) is denied; and

2. Defendant Peraza-Pulido's Motion to Sever (Filing No. 69) is denied.

Dated this 29th day of August, 2025.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

6